
## 19WE-CC00078 - LORETTA NELSON V NIANGUA R-V SCHOOL DISTRICT (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**   Click here to Respond to Selected Documents

Sort Date Entries: ◉ Descending / ○ Ascending    Display Options: [All Entries]

---

**11/21/2019**  ☐ **Judge/Clerk - Note**
MOTION COV PUT IN JUDGE REVIEW BOX THIS DATE. VR

☐ **Motion for Change of Venue**
Plaintiffs Motion to Change Venue Pursuant to Rule 5103.
 **Filed By:** JERRY MICHAEL KIRKSEY
 **On Behalf Of:** LORETTA NELSON

☐ **Notice**
NOTICE OF ENTRY

☐ **Case Mgmt Conf Scheduled**
Case is hereby docketed for a Case Management Conference (CMC) on February 4, 2020 at 1:00 P.M. All non-defaulting pro se parties and any party by their attorneys of record are to appear. At the CMC, the Court will make inquiry as to the status of the case and may enter appropriate orders which shall include, but are not limited to, determining or ruling on the following: 1. Whether all parties have been served; 2. Motions for Leave to Amend / Dismiss / Make More Definite and Certain; 3. Whether discovery will be completed within 120 days after Answer has been filed pursuant to Local Rule 32.1 and, if good cause is shown, whether discovery should be extended and ordering a discovery deadline; 4. Whether the case should be tracked for a 12, 24 or 30 month disposition track for purposes of S.Ct Rule 17.23; 5. Whether to Order Mediation and, if ordered, appointing a Mediator from the approved 30th Circuit list and ordering a mediation deadline; 6. Noticed Motions; 7. Whether to enter a Scheduling Order; and 8. Whether to set the case for trial and PTC. The CMC does not obviate the need for a party to file a Notice of Hearing for any Motion. Unless any such Motion is properly noticed for hearing, the Court will not consider the same at any CMC without consent of the opposing party and the Court. The clerk is to notify all served, non-defaulting pro se parties, if any, of this docket entry by regular mail. MOH
 **Scheduled For:** 02/04/2020;  1:00 PM ;  MICHAEL O'BRIEN HENDRICKSON;  Webster

☐ **Agent Served**
Document ID - 19-SMCC-717; Served To - NIANGUA R-V SCHOOL DISTRICT; Server - SO WEBSTER COUNTY-MARSHFIELD; Served Date - 18-NOV-19; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**11/20/2019**  ☐ **Summ Req-Circuit Pers Serv**
Summons Served.
 **Filed By:** JERRY MICHAEL KIRKSEY
 **On Behalf Of:** LORETTA NELSON

**10/31/2019**  ☐ **Summons Issued-Circuit**
Document ID: 19-SMCC-717, for NIANGUA R-V SCHOOL DISTRICT.

☐ **Filing Info Sheet eFiling**
 **Filed By:** JERRY MICHAEL KIRKSEY

☐ **Consent Filed**
Consent to be a Party Plaintiff 29 USC 216b.
 **Filed By:** JERRY MICHAEL KIRKSEY
 **On Behalf Of:** LORETTA NELSON

☐ **Pet Filed in Circuit Ct**
Petition and Class Action.

☐ **Judge Assigned**

---

Case.net Version 5.14.0.16          Return to Top of Page          Released 10/24/2019

Electronically Filed - Webster - October 31, 2019 - 09:21 AM

IN THE CIRCUIT COURT OF WEBSTER COUNTY, MISSOURI

| | | |
|---|---|---|
| LORETTA NELSON, | § | |
| Individuallly and on Behalf of | § | |
| All others Similarly Situated | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. |
| vs. | § | |
| | § | |
| NIANGUA R-V SCHOOL DISTRICT, | § | |
| | § | |
| *May be served to:* | § | |
| TJ Bransfield, Superintendent | § | |
| 301 Rumsey Street | § | |
| Niangua, MO 65713 | § | |
| | § | |
| Defendant. | § | |

| PETITION AND CLASS ACTION |
|---|

**COMES NOW** Plaintiff, Loretta Nelson, individually and on behalf of all others similarly situated, by and through counsel, Jerry M. (Jay) Kirksey and Jesse T. Ankrom, and for her Petition and Class Action against Defendant Niangua R-V School District, states as follows:

## INTRODUCTION

1. Plaintiff and all other similarly situated employees work or worked for Defendant Niangua R-V School District.

2. Pursuant to their practice, Defendant failed to pay Plaintiff, and other similarly situated employees, straight time or the mandated federal and/or state overtime wage rate for all hours worked over 40 in a single workweek. In particular, defendant prohibited plaintiff, and on information and belief other employees, from recording time of services and work performed over 40 hours during the workweek resulting in an inaccurate calculation and failure to pay overtime for

Electronically Filed - Webster - October 31, 2019 - 09:21 AM

work and services performed for overtime purposes and resulting in unpaid overtime compensation.

## JURISDICTION, PARTIES AND VENUE

3. Plaintiff, Loretta Nelson, ("Plaintiff"), is citizen of the state of Missouri, residing in Marshfield, Webster County.

4. Defendant, Niangua R-V School District, ("District") is a School District within the laws and statutes of Missouri which may be served at 301 Rumsey Street, Niangua, MO 65713.

5. All of the violations of the Fair Labor Standards Act ('FLSA') that Plaintiff describes herein are common to all hourly non-exempt employees employed by Defendant.

6. Plaintiff and all similarly situated employees seek compensation for straight time for hours worked in excess of 40 hours a week during a period of the 5 years prior to this Petition.

7. Plaintiff and all similarly situated employees seek compensation for unpaid overtime wages and other relief under the FLSA and Missouri Wage and Hour Law Section 290.505(1) RSMo.

8. This Court's jurisdiction over the matters pled in this Petition arises out of MO. Rev. Stat § 506 *et seq*, because Defendant is a resident of Missouri, transacts business in Missouri and has entered into contracts in Missouri.

9. This Court has jurisdiction over Plaintiff's and all similarly situated employees' federal law claims under the provisions of 29 U.S.C. § 216(b), which expressly

empowers employees to seek damages for FLSA violations "in any Federal or State court of competent jurisdiction."

10. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Webster County, Missouri. Mo. Rev. Stat. § 508.010.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant as a janitor, and/or part of the janitorial staff at all times pertinent to this Petition.

12. Plaintiff and other similarly situated employees are hourly employees who are not exempt under the Fair Labor Standards Act and who worked hours authorized or of which the District had knowledge to perform services for the District.

13. The acts within this Petition are during the time period that Vula Dudley was an agent of the District, in the capacity as bookkeeper and administrative assistant for Superintendent TJ Bransfield, and while Mr. Bransfield was the Superintendent.

14. During the time period stated, the District, through its agents, engaged in a pattern of non-payment to plaintiff of straight time or her overtime hours by a prohibiting the recording of time above 40 hours and failure and non-payment for services and work performed for the District beyond 40 hours per workweek.

15. On information and belief, Mrs. Dudley, Mr. Bransfield and the District were aware of hourly employees other than plaintiff who were not allowed to record

and were not paid for services and work performed beyond 40 hours per workweek.

16. During this time period, Mrs. Dudley did not allow plaintiff to record hours worked greater than 40 hours a week, and hence plaintiff was not paid for time and services provided to the District for hours greater than 40 hours.

17. Superintendent Bransfield was aware of the prohibition of recording time and violation and failure to pay overtime in that on at least two occasion, plaintiff reported to Superintendent Bransfield the prohibition of reporting of hours and failure to pay overtime due plaintiff. To the knowledge of plaintiff, Superintendent Bransfield took no action as the prohibition of recording and failure to pay overtime above 40 hours continued after plaintiff's reports to Superintendent Bransfield.

18. Superintendent Bransfield was further made aware of the pattern of prohibition of recording hours and failure to pay overtime through reports received by Bransfield and a report to Bransfield and the Board of the District as to the pattern of violation of wage and hour laws in failure to pay overtime.

19. As recent as October 25, 2019, plaintiff again brought to the attention of Superintendent Bransfield her prior reports to him of being made to change her time card and not receiving overtime, to which in response, Bransfield did not deny her reports and his knowledge of the practice of the District.

20. Plaintiff and all other similarly situated employees were employed by Defendant.

21. Plaintiff and all other similarly situated employees were paid hourly wages.

22. Plaintiff and all other similarly situated employees are employees who are not exempt from an employer's payment of overtime under the Fair Labor Standards Act, 29 U.S.C. S 201 et seq.

23. Plaintiff and all other similarly situated employees have not financially invested in Defendant.

24. Plaintiff and all other similarly situated employees do not share in the profits or losses of Defendant.

25. Plaintiff and all other similarly situated employees have no control over their work environment.

26. Plaintiff, and all other similarly situated employees were subject to the District engaging in a pattern of not paying straight time or overtime to or for hours over 40 hours of service and not allowing the recording of time over 40 hours on time records of the employee.

27. Plaintiff and all other similarly situated employees worked greater than 40 hours a week but were not paid straight time or overtime wages for the work and services provided to the District above 40 hours per workweek.

**CLASS ACTION ALLEGATIONS**

28. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

29. Plaintiff brings this class action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for straight time and overtime compensation.

30. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA and Missouri Wage and Hours Law.

31. The Class is defined as follows:

   a. All current or former employees who were hourly, non-exempt, and during the applicable period of limitations performed services for the District in excess of 40 hours per workweek but for which the employees were not compensated for overtime under the FLSA and Missouri Wage and Hour Law.

   b. All current and former employees who were hourly, non-exempt, and during the last five years performed services for the District in excess of 40 hours per workweek but were not compensated for straight time for the work performed.

32. The Class is so numerous that joinder of all Class members is impracticable. While the exact number and identities of Class members is unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that around 20 Class members have worked for Defendant without appropriate pay, as described herein, through the applicable statutory period.

33. There are questions of law and fact common to the Class. These include but are not limited to:

   i. Whether Plaintiff and other similarly situated employees were non-exempt from the overtime provisions of the FLSA;

ii. Whether Defendant satisfied its obligation to pay Plaintiff and others similarly situated the overtime payments required by the FLSA and the Missouri Wage and Hour Law.;

iii. Whether Defendant's actions were willful;

iv. Whether Plaintiff and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

v. Whether Defendant is liable for pre-judgment interest; and

vi. Whether Defendant is liable for attorney's fees and costs, and;

vii. Whether Defendant satisfied its obligation to pay Plaintiff and others similarly situated straight time for hours of work performed for the District.

34. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, in that the Plaintiff and others similarly situated were denied overtime compensation as a result of Defendant's uniform policy of requiring attendance at mandatory training sessions causing Plaintiff and other similarly situated employees to work in excess of 40 hours per week but for which said employees were not paid overtime within the meaning of the Missouri Wage and Hour Law and FLSA. This is the predominant issue that pertains to the claims of Plaintiff and of other similarly situated employees.

35. Plaintiff has no interest antagonistic to the interest of the other members of the Class. Plaintiff is committed to the vigorous prosecution for this action and have

retained competent counsel experienced in litigation of this magnitude. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

36. Class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    c. Common questions of law and/or fact predominate over any individual questions which may arise, and accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a Class-wide, instead of on a repetitive individual, basis;

    d. Despite the relatively small size of the individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating the similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    e. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

37. Plaintiff is aware of no members of the proposed Class who have an interest in individually controlling the prosecution of separate actions, nor is Plaintiff aware of any other litigation concerning this particular controversy.

Electronically Filed - Webster - October 31, 2019 - 09:21 AM

38. This case is also maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the proposed Class, so that equitable relief is appropriate respecting the class as a whole.

39. Plaintiff anticipates that there will be no difficulty in the management of this litigation. The litigation presents FLSA and MISSOURI WAGE AND HOUR LAW claims and common law claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

40. The questions of law and fact common to the Plaintiff and members of the putative class predominate over any questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. Plaintiff and the putative Class have suffered and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Defendant's pay practices.

42. Defendant has engaged in a continuing violation of the FLSA and MISSOURI WAGE AND HOUR LAW by instituting a practice of failing to pay employees for work performed with the knowledge or authorization of defendant of greater than 40 hours per workweek.

43. Plaintiff and all other similarly situated employees were denied their overtime compensation and wages as a result of Defendant's pay practices. This violation was intended by Defendant and willfully done.

44. Defendant's actions in denying overtime compensation for hours worked in performing services for the District was intentional and constitutes a willful violation of the FLSA and Missouri Wage and Hour Law.

<u>COUNT I - INDIVIDUAL CLAIM</u>

<u>FOR VIOLATION MISSOURI WAGE AND HOUR LAW</u>

45. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

46. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the MISSOURI WAGE AND HOUR LAW 290.500 *et seq*, RSMo.

47. At all relevant times, Plaintiff has been an "employee" of Defendant's, as defined in section 290.500(3) RSMo.

48. At all relevant times, Defendant was an "employer" of Plaintiff, as defined by section 290.500(4) RSMo.

49. Defendant failed to pay Plaintiff overtime wages required under the MISSOURI WAGE AND HOUR LAW 290.505(1) RSMo.

50. Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees and costs provided by the MISSOURI WAGE AND HOUR LAW for all violations which occurred during the statutory period preceding the filing of this Petition, plus periods of equitable tolling.

**WHEREFORE** Plaintiff prays that:

    a. For all proper relief under the MISSOURI WAGE AND HOUR LAW, including, but not limited to, wages, over-time compensation, liquidated damages, attorney's fees and costs; and,

    b. For all further relief the court deems just and proper.

## <u>COUNT II - CLASS ACTION CLAIM</u>

## <u>FOR VIOLATIONS MISSOURI WAGE AND HOUR LAW</u>

52. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

53. At all relevant times, Plaintiff and all other similarly situated employees have been entitled to the rights, protection, and benefits provided by the MISSOURI WAGE AND HOUR LAW.

54. At all relevant times, Plaintiff and all other similarly situated employees have been "employees" of Defendant, as defined in section 290.500 (3) RSMo.

55. At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by section 290.500(4) RSMo.

56. Defendant failed to pay Plaintiff and all other similarly situated employees overtime wages required under the MISSOURI WAGE AND HOUR LAW.

57. Additionally, Defendant's practices in requiring attendance at mandatory, required training sessions without appropriate compensation caused Plaintiff and all other similarly situated employees to earn less than minimum wage during the given week.

58. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the Class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees and costs provided by the MISSOURI WAGE AND HOUR LAW for all violations which occurred during the statutory period preceding the filing of this Petition, plus periods of equitable tolling.

**WHEREFORE**, Plaintiff individually and on behalf of all members of the putative Class respectfully request this Court grant the following relief:

a. Certify this action as a Class Action pursuant to the Missouri Minimum Wage Law and relevant Missouri law.

b. Designate Plaintiff as representative of the Class;

c. Designate Kirksey Law Firm, LLC, as Class counsel;

d. Enter declaratory judgment that the practices complained of herein are unlawful under Missouri law.

e. Enter a permanent injunction restraining and preventing Defendant from retaliating against Plaintiff and putative Class members for

Electronically Filed - Webster - October 31, 2019 - 09:21 AM

taking part in this action, and from further violating their rights under the MISSOURI WAGE AND HOUR LAW.

f. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff and putative Class members are entitled.

g. Award Plaintiff and putative Class members' compensatory damages in an amount equal to the full amount of the wage rate and an additional equal amount as liquidated damages from a period of 2 years prior to this lawsuit pursuant to MISSOURI WAGE AND HOUR LAW.

h. Award Plaintiff and putative class members judgment for liquidated damages pursuant to the MISSOURI WAGE AND HOUR LAW, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

i. Award Plaintiff all recoverable costs, expenses, and attorney's fees incurred in prosecuting this action, together with all applicable interest; and

j. Grant Plaintiff all such other and further relief as this Court may deem necessary, just and proper.

## COUNT III - INDIVIDUAL CLAIM FOR VIOLATION OF FLSA

60. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

61. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

62. At all relevant times, Plaintiff has been an "employee" of Defendant's, as defined by 29 U.S.C. §203(e).

63. At all relevant times, Defendant was an "employer" of Plaintiff, as defined by 29 U.S.C. § 203(d).

64. Defendant failed to pay Plaintiff overtime wages required under the FLSA.

65. Defendant's practices in requiring attendance at mandatory, required training sessions without appropriate compensation caused Plaintiff to not be paid overtime for wages over 40 hours as required by the FLSA.

66. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

67. Defendant's violation entitles Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

68. Plaintiff is entitled to an award of his attorney fees and court costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

a. For all proper relief under the FLSA, including, but not limited to, wages, over-time, liquidated damages, attorney's fees and costs, and

b. For all further relief the court deems just and proper.

## COUNT IV - COLLECTIVE ACTION CLAIM FLSA

69. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

70. This is a collective action filed on behalf of all non-exempt employees who were not compensated for the hours in excess of forty (40) that they worked each week.

71. At all relevant times, Plaintiff and all other similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

72. At all relevant times, Plaintiff and all other similarly situated employees have been "employees" of Defendant's, as defined by 29 U.S.C. §203(e).

73. At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

74. Defendant failed to pay Plaintiff and all other similarly situated employees overtime wages required under the FLSA.

75. Additionally, Defendant's practices in requiring attendance at mandatory, required training sessions without appropriate compensation caused Plaintiff and all other similarly situated employees to not be paid overtime for wages over 40 hours as required by the FLSA.

76. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

77. Defendant's violation entitles Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

78. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all members of the putative Class respectfully request this Court grant the following relief:

a. Certify this action as a Class Action pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b).

c. Designate Plaintiff as representative of the Class;

d. Designate Kirksey Law Firm, LLC, as Class counsel;

e. Enter declaratory judgment that the practices complained of herein are unlawful under Federal law.

f. Enter a permanent injunction restraining and preventing Defendant from retaliating against Plaintiff and putative Class members for taking part in this action, and from further violating their rights under the FLSA.

g. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff and putative Class members are entitled.

h. Award Plaintiff and putative Class members' compensatory damages in an amount equal to the full amount of the wage rate and an additional equal amount as liquidated damages from a period of 2 years prior to this lawsuit pursuant to FLSA.

i. Award Plaintiff and putative Class members judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

j.  Award Plaintiff all recoverable costs, expenses, and attorney's fees incurred in prosecuting this action, together with all applicable interest; and

k.  For all proper relief under the FLSA, including, but not limited to, wages, over-time, liquidated damages, attorney fees and costs, and

l.  Grant Plaintiff all further relief this Court deems necessary, just and proper.

## COUNT V – COMMON LAW STRAIGHT TIME CLAIM FOR PLAINTIFF

79. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

80. This is a collective action filed on behalf of all non-exempt employees who were not compensated for the hours in excess of forty (40) that they worked each week.

81. At all relevant times, Plaintiff was entitled to payment for straight time under common law as an obligation, contract and unjust enrichment of the District.

82. Defendant failed to pay Plaintiff straight time wages based on her hourly rate of pay.

83. Plaintiff has been damaged by the failure to pay wages by the District.

WHEREFORE, Plaintiff respectfully requests this Court grant judgment for all fair and reasonable sum as determined during the five years prior to the filing of this Petition, for prejudgment interest, and all further relief the Court deems just and proper.

## COUNT VI – COMMON LAW STRAIGHT TIME CLAIM FOR CLASS

84. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

85. This is a collective action filed on behalf of all non-exempt employees who were not compensated for the hours in excess of forty (40) that they worked each week.

86. At all relevant times, Plaintiff and other similarly situated employees were entitled to payment for straight time under common law as an obligation, contract and unjust enrichment of the District.

87. Defendant failed to pay Plaintiff and other similarly situated employees straight time wages based on the hourly rate of the employee.

88. Plaintiff and other similarly situated employees have been damages as a result of the failure to pay wages by the District.

**WHEREFORE**, Plaintiff, individually and on behalf of all members of the putative Class respectfully request this Court grant judgment for all fair and reasonable sum as determined during the five years prior to the filing of this Petition, for prejudgment interest, and all further relief the Court deems just and proper

*/s/Jay Kirksey*

_____

**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**KIRKSEY LAW FIRM, L.L.C.**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com

*/s/Jesse T. Ankrom*

_____

**Jesse T. Ankrom**
Missouri Bar No. 67080
Attorney for Plaintiff

**KIRKSEY LAW FIRM, LLC**
711 S. Albany Street
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jankrom@kirkseylawfirm.com

Electronically Filed - Webster - October 31, 2019 - 09:21 AM

IN THE CIRCUIT COURT OF WEBSTER COUNTY, MISSOURI

| | | |
|---|---|---|
| LORETTA NELSON, | § | |
| Individuallly and on Behalf of | § | |
| All others Similarly Situated | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. |
| vs. | § | |
| | § | |
| Niangua R-V School District, | § | |
| | § | |
| Defendant. | § | |

---

### CONSENT TO BE A PARTY PLAINTIFF
### 29 U.S.C. 216(b)

---

I hereby consent to be a party plaintiff seeking unpaid wages and overtime against Defendant Niangua R-V School District and any related entities. For purposes of pursuing my unpaid wage and overtime claims, I choose to be represented by Kirksey Law Firm LLC and/or other attorneys with whom they may associated.

Signature

**Loretta Nelson**

Printed Name

Loretta Nelson



# IN THE 30TH JUDICIAL CIRCUIT, WEBSTER COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL O'BRIEN HENDRICKSON | Case Number:  19WE-CC00078 |
| Plaintiff/Petitioner:<br>LORETTA NELSON<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JERRY MICHAEL KIRKSEY<br>711 S. ALBANY AVE<br>BOLIVAR, MO  65613 |
| Defendant/Respondent:<br>NIANGUA R-V SCHOOL DISTRICT | Court Address:<br>101 S. CRITTENDEN -RM 22 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | CIVIL 859-2006   CRIM 859-2041<br>MARSHFIELD, MO  65706 |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

**The State of Missouri to:  NIANGUA R-V SCHOOL DISTRICT**
**Alias:**

```
SERVE TO:  TJ BRANSFIELD, SUPERINTENDENT
           301 RUMSEY ST
           NIANGUA, MO.  65713
```

**301 RUMSEY ROAD**
**NIANGUA, MO 65713**

*COURT SEAL OF*

*WEBSTER COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| ___*Thursday, October 31, 2019*___<br><div align="center">Date</div> | ___*/s/ Vickie Replogle, Deputy Clerk*___<br><div align="center">Clerk</div> |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
<div align="center">Printed Name of Sheriff or Server</div>          <div align="center">Signature of Sheriff or Server</div>

**Must be sworn before a notary public if not served by an authorized officer:**

<div align="center">Subscribed and sworn to before me on _____ (date).</div>

*(Seal)*

<div align="center">My commission expires: _____</div>
<div align="center">Date          Notary Public</div>

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only: Document Id # 19-SMCC-717*     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:19-cv-03427-RK   Document 1-1   Filed 12/13/19   Page 22 of 31

Electronically Filed - Webster - November 20, 2019 - 03:06 PM



**IN THE 30TH JUDICIAL CIRCUIT, WEBSTER COUNTY, MISSOURI**

<span style="color:red">RETURN COPY</span>

| Judge or Division:<br>MICHAEL O'BRIEN HENDRICKSON | Case Number: 19WE-CC00078 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LORETTA NELSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JERRY MICHAEL KIRKSEY<br>711 S. ALBANY AVE<br>BOLIVAR, MO 65613 | RECEIVED<br>NOV 0 8 2019<br>Webster County<br>Sheriff's Office |
| Defendant/Respondent:<br>NIANGUA R-V SCHOOL DISTRICT | Court Address:<br>101 S. CRITTENDEN -RM 22<br>CIVIL 859-2006  CRIM 859-2041<br>MARSHFIELD, MO 65706 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: **NIANGUA R-V SCHOOL DISTRICT**<br>**Alias:**<br><br>**301 RUMSEY ROAD**<br>**NIANGUA, MO 65713** | SERVE TO: TJ BRANSFIELD, SUPERINTENDENT<br>301 RUMSEY ST<br>NIANGUA, MO. 65713<br><br><span style="color:red">PRE-PAID</span> |

**COURT SEAL OF**

**WEBSTER COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_Thursday, October 31, 2019_ _____ /s/ Vickie Replogle, Deputy Clerk
Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☑ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _3 o 1  R u m s e y_ _____ (address)

in _w e b s t e r_ (County/City of St. Louis), MO, on _11-18-19_ (date) at _11 o 9_ (time).

_11 M c Cawb_ _____ _M M c 173_
Printed Name of Sheriff or Server _____ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____ _____
Date _____ Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( ____ miles @ $.____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## In The 30th Judicial Circuit Court, Webster County, Missouri
101 S. CRITTENDEN -RM 22, CIVIL 859-2006   CRIM 859-2041, MARSHFIELD, MISSOURI 65706

**LORETTA NELSON V NIANGUA R-V SCHOOL DISTRICT**                    **CASE NO : 19WE-CC00078**

To:    File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

**Filing Date**      **Description**

21-Nov-2019    Agent Served
Document ID - 19-SMCC-717;   Served To - NIANGUA R-V SCHOOL DISTRICT;   Server - SO WEBSTER
COUNTY-MARSHFIELD;   Served Date - 18-NOV-19;   Served Time - 00:00:00;   Service Type - Sheriff
Department;   Reason Description - Served

Case Mgmt Conf Scheduled
Case is hereby docketed for a Case Management Conference (CMC) on February 4, 2020 at 1:00 P.M.
All non-defaulting pro se parties and any party by their attorneys of record are to appear.
At the CMC, the Court will make inquiry as to the status of the case and may enter appropriate orders which
shall include, but are not limited to, determining or ruling on the following:
1. Whether all parties have been served;
2. Motions for Leave to Amend / Dismiss / Make More Definite and Certain;
3. Whether discovery will be completed within 120 days after Answer has been filed pursuant to Local Rule
32.1 and, if good cause is shown, whether discovery should be extended and ordering a discovery deadline;
4. Whether the case should be tracked for a 12, 24 or 30 month disposition track for purposes of S.Ct Rule
17.23;
5. Whether to Order Mediation and, if ordered, appointing a Mediator from the approved 30th Circuit list and
ordering a mediation deadline;
6. Noticed Motions;
7. Whether to enter a Scheduling Order; and
8. Whether to set the case for trial and PTC.

The CMC does not obviate the need for a party to file a Notice of Hearing for any Motion. Unless any such
Motion is properly noticed for hearing, the Court will not consider the same at any CMC without consent of the
opposing party and the Court. The clerk is to notify all served, non-defaulting pro se parties, if any, of this
docket entry by regular mail.
MOH
Scheduled For: 04-Feb-2020 1:00 PM; MICHAEL O'BRIEN HENDRICKSON; Large Court Room 26; Webster
Event Location: 101 S. Crittenden -Rm 22,Civil 859-2006   Crim 859-2041,Marshfield, Mo

**LORETTA NELSON V NIANGUA R-V SCHOOL DISTRICT**          **CASE NO : 19WE-CC00078**

_____
Clerk of Court

CC:        File
           NIANGUA R-V SCHOOL DISTRICT
ECC:       JERRY MICHAEL KIRKSEY

Date Printed : 21-Nov-2019

IN THE CIRCUIT COURT OF WEBSTER COUNTY, MISSOURI

| | | |
|---|---|---|
| LORETTA NELSON, | § | |
| Individuallly and on Behalf of | § | |
| All others Similarly Situated | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 19WE-CC00078 |
| vs. | § | |
| | § | |
| NIANGUA R-V SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO CHANGE VENUE PURSUANT TO RULE 51.03

**COMES NOW,** Plaintiff by and through her attorney of record, Jerry M. Kirksey, and requests a change of venue pursuant to Rule 51.03 of the Missouri Rules of Civil Procedure.

**WHEREFORE,** Plaintiff requests that the Court grant her motion and venue be changed, and such other relief as the Court finds appropriate.

*/s/Jay Kirksey*

_____

**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**KIRKSEY LAW FIRM, L.L.C.**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com

Electronically Filed - Webster - November 21, 2019 - 11:47 AM

## CERTIFICATE OF SERVICE

I certify that a copy of this preceding document in the above captioned action was served on 11/21/19, by U.S. mail postage prepaid to the following:

TJ Bransfield
Niangua R-V School District
301 Rumsey Street
Niangua, MO  65713

*/s/Jay Kirksey*

_____
**KIRKSEY LAW FIRM, L.L.C.**

KLF File No. 12262-001

## IN THE CIRCUIT COURT OF WEBSTER COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **LORETTA NELSON,** | ) | |
| **Individually and on Behalf of** | ) | |
| **All others Similarly Situated** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19WE-CC00078** |
| | ) | |
| **NIANGUA R-V SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Kathryn B. Forster of the law firm of Mickes O'Toole, LLC, and hereby enters her appearance on behalf of Defendant Niangua R-V School District in the above-referenced case.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By: /s/ *Kathryn B. Forster*
    Kathryn B. Forster, #52923MO
    kforster@mickesotoole.com
    12444 Powerscourt Drive, Ste. 400
    St. Louis, Missouri 63131
    Telephone: 314-878-5600
    Facsimile: 314-878-5607

    *Attorney for Defendant Niangua R-V School*
    *District*

00361143.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of filing to the following counsel of record:

Jerry M. (Jay) Kirksey
jmkirksey@kirkseylawfirm.com
Kirksey Law Firm, LLC
711 S. Albany Avenue
Bolivar, MO 65613-2619

*Attorney for Plaintiff*

*/s/ Kathryn B. Forster*

| | |
|---|---|
| **From:** | Missouri Courts eFiling System <mocourts.efiling@courts.mo.gov> |
| **Sent:** | Friday, December 13, 2019 9:54 AM |
| **To:** | Missouri Courts eFiling Subscriber |
| **Cc:** | Katie Forster; 30th Judicial Circuit (Webster County) |
| **Subject:** | Receipt of Filing - 19WE-CC00078 - LORETTA NELSON V NIANGUA R-V SCHOOL DISTRICT, Webster County - Circuit Court |
| **Attachments:** | mo-ecf-msg.xml |

The filing **EF18663967** on **12/13/19** at **9:52 AM** was **RECEIVED** by **Webster County - Circuit Court** on **12/13/19** at **9:52 AM**.
You will receive notice from the court when the filing is either accepted, on hold or returned with the reason for the hold or return.

Below is important information regarding this filing:

| | |
|---|---|
| **eFiling Confirmation Number** | EF18663967 |
| **Filer Reference Number** | **None entered by filer** |
| **Payment Confirmation Number** | No filing fee or payment information on this filing. |
| **Case Number** | **19WE-CC00078** |
| **Case Description** | **LORETTA NELSON V NIANGUA R-V SCHOOL DISTRICT** |
| **Case Type** | **Other Miscellaneous Actions** |

Notes to Clerk: None Entered by Filer

## Document(s):

| | |
|---|---|
| **Document Category and Type** | Filing - Other/Miscellaneous - Entry of Appearance |
| **Document Title** | Entry of Appearance |
| **Attachment(s)** | Electronic Filing Certificate of Service |
| **File On Behalf Of** | NIANGUA R-V SCHOOL DISTRICT |

To view or save a document, click one of the hyperlinks above. The document title hyperlink will open the document directly until the court accepts the document. At that time, you will have to use the case number link to view the document. The case number hyperlink will go to the docket tab in Case.net.

## Service Information:

| | |
|---|---|
| **Party** | JERRY MICHAEL KIRKSEY, Attorney for Plaintiff |
| **Service E-mail Address** | jmkirksey@kirkseylawfirm.com |

Click to access the **Missouri eFiling System**.

This e-mail is auto generated. Please do not respond. **If you have a concern with your filing, please contact the court.** If you need technical
assistance, please contact the Office of State Courts Administrator Help Desk at
osca.help.desk@courts.mo.gov or toll-free by phone
at 1(888)541-4894. The Help Desk is available 7:30 a.m. to 5:00 p.m. Monday through Friday,
excluding state holidays.