IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LORETTA NELSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  6:19-cv-03427-RK |
| v. | ) | |
| | ) | |
| NIANGUA R-V School District | ) | |
| | ) | |
| Defendant. | ) | |

---

**AMENDED COMPLAINT AND CLASS ACTION**

---

**COMES NOW** Plaintiff, Loretta Nelson, individually and on behalf of all others similarly situated, by and through counsel, Jerry M. (Jay) Kirksey and Jesse T. Ankrom, and for her Petition and Class Action against Defendant Niangua R-V School District, states as follows:

<u>**INTRODUCTION**</u>

1. Plaintiff and all other similarly situated employees work or worked for Defendant Niangua R-V School District.

2. Pursuant to their practice, Defendant failed to pay Plaintiff, and other similarly situated employees, straight time or the mandated federal and/or state overtime wage rate for all hours worked over 40 in a single workweek.  In particular, defendant prohibited plaintiff, and on information and belief other employees, from recording time of services and work performed over 40 hours during the workweek resulting in an inaccurate calculation and failure to pay overtime for

work and services performed for overtime purposes and resulting in unpaid overtime compensation.

## PARTIES

3. Plaintiff, Loretta Nelson, ("Plaintiff"), is citizen of the state of Missouri, residing in Marshfield, Webster County.

4. Defendant, Niangua R-V School District, ("District") is a School District within the laws and statutes of Missouri which may be served at 301 Rumsey Street, Niangua, MO 65713.

5. All of the violations of the Fair Labor Standards Act ('FLSA') that Plaintiff describes herein are common to all hourly non-exempt employees employed by Defendant.

6. Plaintiff and all similarly situated employees seek compensation for straight time for hours worked in excess of 40 hours a week during a period of the 5 years prior to this Petition.

7. Plaintiff and all similarly situated employees seek compensation for unpaid overtime wages and other relief under the FLSA and Missouri Wage and Hour Law Section 290.505(1) RSMo.

8. This Court's jurisdiction over the matters pled in this Petition arises out of MO. Rev. Stat § 506 *et seq*, because Defendant is a resident of Missouri, transacts business in Missouri and has entered into contracts in Missouri.

9. This Court has jurisdiction over Plaintiff's and all similarly situated employees' federal law claims under the provisions of 29 U.S.C. § 216(b), which expressly

empowers employees to seek damages for FLSA violations "in any Federal or State court of competent jurisdiction."

## **FACTUAL ALLEGATIONS**

10. Plaintiff was employed by Defendant as a janitor, and/or part of the janitorial staff at all times pertinent to this Petition.

11. Plaintiff and other similarly situated employees are hourly employees who are not exempt under the Fair Labor Standards Act and who worked hours authorized or of which the District had knowledge to perform services for the District.

12. The acts within this Petition are during the time period that Vula Dudley was an agent of the District, in the capacity as bookkeeper and administrative assistant for Superintendent TJ Bransfield, and while Mr. Bransfield was the Superintendent.

13. During the time period stated, the District, engaged in a pattern of non-payment to plaintiff of straight time or her overtime hours by a prohibiting the recording of time above 40 hours and failure and non-payment for services and work performed for the District beyond 40 hours per workweek.

14. On information and belief, Mrs. Dudley, Mr. Bransfield and the District were aware of hourly employees other than plaintiff who were not allowed to record and were not paid for services and work performed beyond 40 hours per workweek.

15. During this time period, Mrs. Dudley did not allow plaintiff to record hours worked greater than 40 hours a week, and hence plaintiff was not paid for time and services provided to the District for hours greater than 40 hours.

16. Superintendent Bransfield was aware of the prohibition of recording time and violation and failure to pay overtime in that on at least two occasion, plaintiff reported to Superintendent Bransfield the prohibition of reporting of hours and failure to pay overtime due plaintiff. To the knowledge of plaintiff, Superintendent Bransfield took no action as the prohibition of recording and failure to pay overtime above 40 hours continued after plaintiff's reports to Superintendent Bransfield.

17. Superintendent Bransfield was further made aware of the pattern of prohibition of recording hours and failure to pay overtime through reports received by Bransfield and a report to Bransfield and the Board of the District as to the pattern of violation of wage and hour laws in failure to pay overtime.

18. As recent as October 25, 2019, plaintiff again brought to the attention of Superintendent Bransfield her prior reports to him of being made to change her time card and not receiving overtime, to which in response, Bransfield did not deny her reports and his knowledge of the practice of the District.

19. Plaintiff and all other similarly situated employees were employed by Defendant.

20. Plaintiff and all other similarly situated employees were paid hourly wages.

21. Plaintiff and all other similarly situated employees are employees who are not exempt from an employer's payment of overtime under the Fair Labor Standards Act, 29 U.S.C. S 201 et seq.

22. Plaintiff and all other similarly situated employees have not financially invested in Defendant.

23. Plaintiff and all other similarly situated employees do not share in the profits or losses of Defendant.

24. Plaintiff and all other similarly situated employees have no control over their work environment.

25. Plaintiff, and all other similarly situated employees were subject to the District engaging in a pattern of not paying straight time or overtime to or for hours over 40 hours of service and not allowing the recording of time over 40 hours on time records of the employee.

26. Plaintiff and all other similarly situated employees worked greater than 40 hours a week but were not paid straight time or overtime wages for the work and services provided to the District above 40 hours per workweek.

## CLASS ACTION ALLEGATIONS

27. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

28. Plaintiff brings this class action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for straight time and overtime compensation.

29. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA and Missouri Wage and Hours Law.

30. The Class is defined as follows:

   a. All current or former employees who were hourly, non-exempt, and during the applicable period of limitations performed services for the District in excess of 40 hours per workweek but for which the employees were not compensated for overtime under the FLSA and Missouri Wage and Hour Law.

   b. All current and former employees who were hourly, non-exempt, and during the last five years performed services for the District in excess of 40 hours per workweek but were not compensated for straight time for the work performed.

31. The Class is so numerous that joinder of all Class members is impracticable. While the exact number and identities of Class members is unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that around 20 Class members have worked for Defendant without appropriate pay, as described herein, through the applicable statutory period.

32. There are questions of law and fact common to the Class. These include but are not limited to:

   i. Whether Plaintiff and other similarly situated employees were non-exempt from the overtime provisions of the FLSA;

ii.  Whether Defendant satisfied its obligation to pay Plaintiff and others similarly situated the overtime payments required by the FLSA and the Missouri Wage and Hour Law.;

iii.  Whether Defendant's actions were willful;

iv.  Whether Plaintiff and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

v.  Whether Defendant is liable for pre-judgment interest; and

vi.  Whether Defendant is liable for attorney's fees and costs, and;

vii.  Whether Defendant satisfied its obligation to pay Plaintiff and others similarly situated straight time for hours of work performed for the District.

33. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, in that the Plaintiff and others similarly situated were denied overtime compensation as a result of Defendant's uniform policy of requiring attendance at mandatory training sessions causing Plaintiff and other similarly situated employees to work in excess of 40 hours per week but for which said employees were not paid overtime within the meaning of the Missouri Wage and Hour Law and FLSA. This is the predominant issue that pertains to the claims of Plaintiff and of other similarly situated employees.

34. Plaintiff has no interest antagonistic to the interest of the other members of the Class. Plaintiff is committed to the vigorous prosecution for this action and have

retained competent counsel experienced in litigation of this magnitude. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

35. Class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   c. Common questions of law and/or fact predominate over any individual questions which may arise, and accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a Class-wide, instead of on a repetitive individual, basis;

   d. Despite the relatively small size of the individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating the similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   e. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

36. Plaintiff is aware of no members of the proposed Class who have an interest in individually controlling the prosecution of separate actions, nor is Plaintiff aware of any other litigation concerning this particular controversy.

37. This case is also maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the proposed Class, so that equitable relief is appropriate respecting the class as a whole.

38. Plaintiff anticipates that there will be no difficulty in the management of this litigation. The litigation presents FLSA and MISSOURI WAGE AND HOUR LAW claims and common law claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

39. The questions of law and fact common to the Plaintiff and members of the putative class predominate over any questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. Plaintiff and the putative Class have suffered and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Defendant's pay practices.

41. Defendant has engaged in a continuing violation of the FLSA and MISSOURI WAGE AND HOUR LAW by instituting a practice of failing to pay employees for work performed with the knowledge or authorization of defendant of greater than 40 hours per workweek.

42. Plaintiff and all other similarly situated employees were denied their overtime compensation and wages as a result of Defendant's pay practices. This violation was intended by Defendant and willfully done.

43. Defendant's actions in denying overtime compensation for hours worked in performing services for the District was intentional and constitutes a willful violation of the FLSA and Missouri Wage and Hour Law.

## <u>COUNT I - INDIVIDUAL CLAIM</u>

## <u>FOR VIOLATION MISSOURI WAGE AND HOUR LAW</u>

44. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

45. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the MISSOURI WAGE AND HOUR LAW 290.500 *et seq*, RSMo.

46. At all relevant times, Plaintiff has been an "employee" of Defendant's, as defined in section 290.500(3) RSMo.

47. At all relevant times, Defendant was an "employer" of Plaintiff, as defined by section 290.500(4) RSMo.

48. Defendant failed to pay Plaintiff overtime wages required under the MISSOURI WAGE AND HOUR LAW 290.505(1) RSMo.

49. Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees and costs provided by the MISSOURI WAGE AND HOUR LAW for all violations which occurred during the statutory period preceding the filing of this Petition, plus periods of equitable tolling.

**WHEREFORE** Plaintiff prays that:

a. For all proper relief under the MISSOURI WAGE AND HOUR LAW, including, but not limited to, wages, over-time compensation, liquidated damages, attorney's fees and costs; and,

b. For all further relief the court deems just and proper.

## <u>COUNT II - CLASS ACTION CLAIM</u>

## <u>FOR VIOLATIONS MISSOURI WAGE AND HOUR LAW</u>

51. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

52. At all relevant times, Plaintiff and all other similarly situated employees have been entitled to the rights, protection, and benefits provided by the MISSOURI WAGE AND HOUR LAW.

53. At all relevant times, Plaintiff and all other similarly situated employees have been "employees" of Defendant, as defined in section 290.500 (3) RSMo.

54. At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by section 290.500(4) RSMo.

55. Defendant failed to pay Plaintiff and all other similarly situated employees overtime wages required under the MISSOURI WAGE AND HOUR LAW.

56. Additionally, Defendant's practices in requiring attendance at mandatory, required training sessions without appropriate compensation caused Plaintiff and all other similarly situated employees to earn less than minimum wage during the given week.

57. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the Class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees and costs provided by the MISSOURI WAGE AND HOUR LAW for all violations which occurred during the statutory period preceding the filing of this Petition, plus periods of equitable tolling.

**WHEREFORE**, Plaintiff individually and on behalf of all members of the putative Class respectfully request this Court grant the following relief:

a.  Certify this action as a Class Action pursuant to the Missouri Minimum Wage Law and relevant Missouri law.

b.  Designate Plaintiff as representative of the Class;

c.  Designate Kirksey Law Firm, LLC, as Class counsel;

d.  Enter declaratory judgment that the practices complained of herein are unlawful under Missouri law.

e.  Enter a permanent injunction restraining and preventing Defendant from retaliating against Plaintiff and putative Class members for

taking part in this action, and from further violating their rights under the MISSOURI WAGE AND HOUR LAW.

f.   Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff and putative Class members are entitled.

g.   Award Plaintiff and putative Class members' compensatory damages in an amount equal to the full amount of the wage rate and an additional equal amount as liquidated damages from a period of 2 years prior to this lawsuit pursuant to MISSOURI WAGE AND HOUR LAW.

h.   Award Plaintiff and putative class members judgment for liquidated damages pursuant to the MISSOURI WAGE AND HOUR LAW, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

i.   Award Plaintiff all recoverable costs, expenses, and attorney's fees incurred in prosecuting this action, together with all applicable interest; and

j.   Grant Plaintiff all such other and further relief as this Court may deem necessary, just and proper.

## COUNT III - INDIVIDUAL CLAIM FOR VIOLATION OF FLSA

59. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

60. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

61. At all relevant times, Plaintiff has been an "employee" of Defendant's, as defined by 29 U.S.C. §203(e).

62. At all relevant times, Defendant was an "employer" of Plaintiff, as defined by 29 U.S.C. § 203(d).

63. Defendant failed to pay Plaintiff overtime wages required under the FLSA.

64. Defendant's practices in requiring attendance at mandatory, required training sessions without appropriate compensation caused Plaintiff to not be paid overtime for wages over 40 hours as required by the FLSA.

65. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

66. Defendant's violation entitles Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

67. Plaintiff is entitled to an award of his attorney fees and court costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

    a. For all proper relief under the FLSA, including, but not limited to, wages, over-time, liquidated damages, attorney's fees and costs, and

    b. For all further relief the court deems just and proper.

## COUNT IV - COLLECTIVE ACTION CLAIM FLSA

68. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

69. This is a collective action filed on behalf of all non-exempt employees who were not compensated for the hours in excess of forty (40) that they worked each week.

70. At all relevant times, Plaintiff and all other similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

71. At all relevant times, Plaintiff and all other similarly situated employees have been "employees" of Defendant's, as defined by 29 U.S.C. §203(e).

72. At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

73. Defendant failed to pay Plaintiff and all other similarly situated employees overtime wages required under the FLSA.

74. Additionally, Defendant's practices in requiring attendance at mandatory, required training sessions without appropriate compensation caused Plaintiff and all other similarly situated employees to not be paid overtime for wages over 40 hours as required by the FLSA.

75. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

76. Defendant's violation entitles Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

77. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all members of the putative Class respectfully request this Court grant the following relief:

a. Certify this action as a Class Action pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b).

c. Designate Plaintiff as representative of the Class;

d. Designate Kirksey Law Firm, LLC, as Class counsel;

e. Enter declaratory judgment that the practices complained of herein are unlawful under Federal law.

f. Enter a permanent injunction restraining and preventing Defendant from retaliating against Plaintiff and putative Class members for taking part in this action, and from further violating their rights under the FLSA.

g. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff and putative Class members are entitled.

h. Award Plaintiff and putative Class members' compensatory damages in an amount equal to the full amount of the wage rate and an additional equal amount as liquidated damages from a period of 2 years prior to this lawsuit pursuant to FLSA.

i. Award Plaintiff and putative Class members judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

j.  Award Plaintiff all recoverable costs, expenses, and attorney's fees incurred in prosecuting this action, together with all applicable interest; and

k.  For all proper relief under the FLSA, including, but not limited to, wages, over-time, liquidated damages, attorney fees and costs, and

l.  Grant Plaintiff all further relief this Court deems necessary, just and proper.

## COUNT V – COMMON LAW STRAIGHT TIME CLAIM FOR PLAINTIFF

78. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

79. This is a collective action filed on behalf of all non-exempt employees who were not compensated for the hours in excess of forty (40) that they worked each week.

80. At all relevant times, Plaintiff was entitled to payment for straight time under common law as an obligation, contract and unjust enrichment of the District.

81. Defendant failed to pay Plaintiff straight time wages based on her hourly rate of pay.

82. Plaintiff has been damaged by the failure to pay wages by the District.

**WHEREFORE**, Plaintiff respectfully requests this Court grant judgment for all fair and reasonable sum as determined during the five years prior to the filing of this Petition, for prejudgment interest, and all further relief the Court deems just and proper.

## COUNT VI – COMMON LAW STRAIGHT TIME CLAIM FOR CLASS

83. Plaintiff repeats and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

84. This is a collective action filed on behalf of all non-exempt employees who were not compensated for the hours in excess of forty (40) that they worked each week.

85. At all relevant times, Plaintiff and other similarly situated employees were entitled to payment for straight time under common law as an obligation, contract and unjust enrichment of the District.

86. Defendant failed to pay Plaintiff and other similarly situated employees straight time wages based on the hourly rate of the employee.

87. Plaintiff and other similarly situated employees have been damages as a result of the failure to pay wages by the District.

   **WHEREFORE**, Plaintiff, individually and on behalf of all members of the putative Class respectfully request this Court grant judgment for all fair and reasonable sum as determined during the five years prior to the filing of this Petition, for prejudgment interest, and all further relief the Court deems just and proper

## COUNT VII – RETALIATION IN VIOLATION OF THE FLSA

88. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 26 (Parties and Factual Allegations) as though set forth herein.

89. On October 31, 2019, plaintiff filed her Petition ("lawsuit) in the Circuit Court of Webster County, Missouri reporting violations by Defendants of the FLSA overtime provisions and Missouri Wage Laws.

90. On November 18, 2019, defendants were served a copy of the Petition.

91. After notice of the Petition, its filing and with immediate temporal proximity thereof, Defendant Bransfield and David Johnson engaged in unlawful retaliation

against plaintiff for having made her wage and hour complaint and for filing her Petition in the posting on social media as to plaintiff.

92. A local newspaper in Webster County published that plaintiff had filed a lawsuit against the District.

93. Webster County is a small county in the State of Missouri with a population of around 38,665.

94. Niangua, Missouri is a small township in Webster County with a population of around 405 citizens.

95. Niangua has a social media page (Facebook) called the Niangua Community Group. On information and belief, the Niangua Community Group Facebook page has a significant number of followers within Webster County and outside of said County. The social media cite creates a permanent source of information.

96. On or about December 28, 2019, in reference to plaintiff's lawsuit and plaintiff, Superintendent Bransfield posted - "I agree that lawsuits will cost the district, but I can't do anything about people suing the district in order to make money. Some people choose to work hard for money and some want it handed to them." David Johnson, a board member of the District, approved the post, ratifying its content by liked the post on social media.

97. The circumstances surrounding the post are such that readers of the post either knew or could ascertain that Bransfield was referencing plaintiff and her lawsuit in his post on social media to the public.

98. The acts that Bransfield and Johnson as to the social media post caused and/or had significant risk of humiliation, damage to reputation and harm to plaintiff

(including future harm as to prospective employment), and were taken with the intent to harm plaintiff and deter the continuation of her lawsuit under circumstances that might well dissuade a reasonable worker from making or supporting a report of the occurrence of overtime violations.

99. In addition, Defendant, through its agents undertook additional acts of retaliation against plaintiff in that:

    **a.** Defendant Johnson, through his wife as an employee, acted adversely toward the child of plaintiff;

    **b.** Defendant Johnson engaged in vulgar communication toward plaintiff;

    **c.** The Board refused to act on grievances filed by plaintiff as to the conduct of Superintendent Bransfield, Mrs. Johnson and Mr. Johnson a set forth herein.

100.     Plaintiff's good faith complaint of violations of overtime provisions of state and federal law motivated and were the case of defendants' discriminatory acts of retaliation and harm to plaintiff.

101.     Plaintiff's complaint as outlined herein is the type of concern and action meant to be protected under the anti-discrimination and retaliation provision of the FLSA. (215(a)(3).

102.     Defendants are employers acting directly or indirectly in the interest of an employer in relation to Plaintiff pursuant to 29 U.S.C §203(d).

103.     Plaintiff is an employee pursuant to 29 U.S.C §203(e).

104.     Plaintiff engaged in conduct protected from retaliation by the Fair Labor Standards Act, 29 U.S.C 200 et seq., by filing the lawsuit in which she voiced a

complaint of a wage and hour violation, specifically related to the non-payment of overtime hours to plaintiff and other employees of defendant within the meaning of 29 U.S.C §215(a)(3).

105.     The retaliatory actions taken against Plaintiff's employment violate Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C 200 et seq.

106.     As a direct and proximate result of Defendants' unlawful practices in violation of the Fair Labor Standards Act, Plaintiff has also suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and reputation damage.

107.     The acts of Defendants described herein were wrong, intentional and in reckless disregard for the rights of Plaintiff justifying the imposition of punitive damages as available pursuant to Fair Labor Standards Act, 29 U.S.C 216(b)

**WHEREFORE** Plaintiffs pray for:

a.  Adjudge and decree that Defendants discriminated against Plaintiff on the basis of her making a complaint of violation of the law, and that such actions by Defendants violated Plaintiff's rights under the rights under the Fair Labor Standards Act, 29 U.S.C 200 et seq.;

b.  Award Plaintiff compensatory and punitive damages for the unlawful conduct of Defendants, including prejudgment interest (if applicable) , for injuries and damages suffered by Plaintiff;

c.  Award Plaintiff's attorney fees and costs, and;

d.  For all further relief the Court deems just and proper.

*/s/Jay Kirksey*
_____

**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**KIRKSEY LAW FIRM, L.L.C.**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com




*/s/Jesse T. Ankrom*
_____

**Jesse T. Ankrom**
Missouri Bar No. 67080
Attorney for Plaintiff

**KIRKSEY LAW FIRM, LLC**
711 S. Albany Street
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jankrom@kirkseylawfirm.com